## J. W. BAKER, Respondent, v. J. C. ROBERTSON; WM. H. WATERS, Intervenor, Appellant.

### Kansas City Court of Appeals, May 17, 1909.

1. **EXCHANGE OF PROPERTY: Fraudulent Representations: Pleading: Intervening Petition.** The intervening petition of defendant's trustee in bankruptcy, in an action to recover the difference agreed to be paid on an exchange of property, admitted the contract of exchange, and alleged the defendant had been induced to agree to the difference by the false and fraudulent representations of the plaintiff, and that the value of the goods to be delivered to defendant was much less than the amount agreed on, but failed to allege that such value was less than the value of the land conveyed to defendant in exchange. *Held* insufficient because it failed to allege that defendant was damaged by the exchange.

2. **REMEDIES: Fraud: Rescission.** Where a person is defrauded in an exchange of properties he has two remedies, rescind, by a tender of the property received or its equivalent, and a demand for the return of the property given, or stand on the contract and recover damages for the fraud.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*H. L. Shannon* for appellant.

Intervenor's answer states facts sufficient to avoid the contract pleaded by plaintiff as a modification of the assigned contract between plaintiff and defendant. Wells v. Adams, 88 Mo. App. 215; Bank v. Byers, 139 Mo. 652.

*Howard Gray* and *T. C. Tadlock,* for respondent, filed no brief.

BROADDUS, P. J.—This suit is to recover the difference in the price in an exchange of property, whereby

plaintiff turned over to defendant certain goods, wares and merchandise and defendant conveyed to plaintiff certain real estate. The petition alleges that in said exchange of property it was found and agreed by and between plaintiff and defendant that the said stock of goods, so traded by plaintiff to defendant, exceeded in value the property of defendant in the sum of $3,379.47, which defendant agreed to pay to plaintiff.

The defendant Robertson became a bankrupt under the federal law and defendant, W. H. Waters, who as trustee took possession of the former's estate, including the goods mentioned remaining unsold, was permitted as intervenor to become a party to the action. He filed his answer in which he admits the contract of exchange of property as stated in the petition, but says he has no knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that it was found and agreed between plaintiff and defendant that said stock of goods exceeded in value the property of defendant in the sum of $3.379.47, but says that, if it was so agreed, that defendant was induced to make such agreement by the fraudulent representations of plaintiff and by means of a trick and confidence perpetrated by plaintiff on defendant. The answer then proceeds to set up the manner in which defendant was deceived and tricked, but does not ask a rescission of the contract or offer to return the goods or their equivalent, or allege he sustained any damage as a result of the fraud.

Afterward intervenor was allowed to amend his answer by adding thereto the following: "Wherefore, the intervenor herein says that if the defendant agreed that the difference between the value of the property, which he was to convey to plaintiff under and in pursuance of the aforesaid written contract, and the value of the goods, which the plaintiff was to convey to the defendant under and in pursuance of said contract, was the sum of $3,379.47, the defendant was induced to so agree by the aforesaid fraudulent representations and pretenses, and

that such agreement, if made, was fraudulent and void and of no effect, and that the net cost price of said goods did not amount to the sum of $3,379.47 in excess of the amount which plaintiff agreed in said written contract to allow defendant for his real estate, viz.: $8,175, but that the net cost price of said goods was much less than the amount which plaintiff agreed to allow defendant for his real estate in Jasper county, Missouri, to-wit, $1,500 less than said amount.

"Intervenor further says that by the aforesaid representation made by plaintiff, plaintiff warranted said goods all to be good and none of them moth-eaten, rat eaten nor torn and that there has been a breach of said warranty, in the manner hereinbefore stated, to defendant's damage in the sum of $2,500.

"Wherefore intervenor prays that he may recover of and from the plaintiff the sum of $4,000 damages and his costs in this case."

The amendment on motion of plaintiff was struck out by the court and the demurrer filed by plaintiff to that part containing the answer before amended was sustained. Defendant stood on his pleading. The court then proceeded to hear plaintiff's proof and rendered judgment in his favor for the amount stated less a certain credit. Defendant appealed.

The ground stated in the motion to strike out is that "the damage prayed for in said amendment was not recoverable in this action." The court before passing on the motion announced that it "would sustain the said motion unless the intervenor would further amend his answer so as to charge that the actual value of the property alleged in said answer to have been conveyed by J. C. Robertson, bankrupt, to the plaintiff J. W. Baker, exceeded in value the actual value of the goods sold and delivered by the said J. W. Baker to the said J. C. Robertson, bankrupt, for the reason that if the intervenor is entitled to recover any damages at all the measure of his damages would be the excess of the actual

value of the property transferred by Robertson to Baker over and above the actual value of the property transferred by Baker to Robertson." The defendant in answer to the announcement of the court refused to try the case on the theory that the value of the real estate of Robertson was a factor in the case.

The demurrer to the remainder of the answer was sustained on the ground that it did not aver any facts constituting a defense to plaintiff's cause of action.

The action of the court in striking out the amendment was proper. The defense attempted to be set up does not show that defendant was damaged. If the goods he obtained from plaintiff were equal or greater in value than the land he conveyed in exchange for them, he suffered no loss. The theory of the court in its announcement was correct.

The demurrer was also properly sustained. If defendant was defrauded in the exchange of property, the law afforded him two remedies. Having received the goods, if he desired to avoid the contract of sale, he should have asked for a rescission of the contract and tendered the goods to plaintiff, or at least their equivalent, and asked for a cancellation of the deed conveying the land to plaintiff; or he should have elected to stand on his contract and ask for damages as a compensation for the fraud. But, having done neither, his answer was no defense to plaintiff's cause of action.

Finding no error in the trial, the cause is affirmed. All concur.